## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KIRSHA BROWN-YOUNGER, ) | |
| ) | Case No. 2:11-cv-00568-KJD-PAL |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | (IFP App - Dkt. #30) |
| LAS VEGAS METROPOLITAN POLICE ) | (Mtn for Sanctions - Dkt. #17) |
| DEPARTMENT, ) | |
| ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #30) and Plaintiff's Motion for Sanctions (Dkt. #17).

Plaintiff is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1). This proceeding was referred to this court by Local Rule IB 1-9.

**I.    *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint

with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff's Complaint alleges that the Las Vegas Metropolitan Police Department ("LVMPD") has violated her First and Fourteeth Amendment rights as well as discriminated against her on the basis of disability and gender in contravention of the Americans With Disabilities Act and the Civil Rights Act of 1964. She seeks three million dollars in damages. Plaintiff's Complaint does not set forth any facts to support her conclusory allegations; it merely states the law she believes LVMPD violated. Plaintiff's Complaint will be dismissed, with leave to amend.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is advised that she should specifically identify each Defendant to the best of her ability, clarify what constitutional right she believes each defendant has violated and support each claim with factual allegations about each Defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588

F.2d 740, 743 (9th Cir. 1978). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  Motion for Sanctions (Dkt. #17).

On August 22, 2011, the court denied Plaintiff's Motion to Compel Compliance (Dkt. #16), finding that her written requests for discovery were premature. Plaintiff's Motion to Compel also contained a request for sanctions, and therefore, the Clerk of Court split the document into two separate docket entries. Because the court denied Plaintiff's Motion to Compel, her request for sanctions is denied as well.

Accordingly,

**IT IS ORDERED**:

1.  Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).
2.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
3.  The Clerk of Court shall file Plaintiff's Complaint.
4.  Plaintiff's Complaint is **DISMISSED** with leave to amend.
5.  Plaintiff shall have until **Dececmber 12, 2011,** to file her amended complaint, if she believes she can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, **2:11-cv-00568-PMP-PAL**, above the words "FIRST AMENDED" in the space for "Case No."

7. Plaintiff is expressly cautioned that if she does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 10th day of November, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE